UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK SULLIVAN,<br><br>                                      Plaintiff,<br><br>                v.<br><br>RICHARD DANA FAIRBANK, BRIAN GUTHRIE, GIRISH BACHANI, DELORES GRACE MENDOZA, AND MATTHREW COOPER,<br><br>                                    Defendants. | Civil Action No. 4:23-cv-12131-MRG |

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

      This is an action alleging violations of the Truth in Lending Act (the "TILA"), 15 U.S.C. § 1601 et seq., and certain provisions of Regulation Z ("Regulation Z"), the TILA's implementing regulation, 12 C.F.R. §§ 226.22, 1026.5. Plaintiff Patrick Sullivan ("Plaintiff" or "Sullivan"), appearing pro se, alleges generally that in March 2023, a little over halfway through his payment obligation, he was inaccurately charged nearly six times the fixed Annual Percentage Rate reflected in the relevant promissory note.

      Before the Court is Defendants Richard Dana Fairbank, Brian Guthrie, Girish Bachani, Delores Grace Mendoza, and Matthew Cooper's (collectively, "Defendants") motion to dismiss.[1] [ECF No. 10]. For the reasons set forth below, the motion to dismiss is **GRANTED**.

---

[1] Mr. Cooper is listed as a Defendant in the Complaint's case caption, but he is otherwise not mentioned in the Complaint or listed as a Defendant in the Fitchburg District Court's docket. For purposes of the instant motion, the Court will consider Mr. Cooper a Defendant.

1

I. **Background and Procedural History**

On June 6, 2020, Plaintiff applied for and received $23,135.68 in financing from Capital One Auto Finance ("Capital One") for the purchase of a used 2010 Toyota Tacoma.[2] [ECF No. 10-2]. The underlying Retail Installment Sale Contract ("RISC"), which was signed by Plaintiff as the buyer and by Bernardi Automall Trust as the seller-creditor, set a sixty-month payment schedule at an Annual Percentage Rate ("APR") of 15.66%. [ECF No. 18 at 84-87].

On August 15, 2023, Plaintiff filed a Complaint with the Fitchburg District Court, alleging violations of Regulation Z. [ECF No. 1 at 6-14]. Specifically, Plaintiff asserts that he identified a discrepancy in his March 7, 2023 payment, which he alleges incorrectly reflected a 90.11% APR, beyond the permissible 1/8 of a percentage point margin of error prescribed by 12 C.F.R. § 226.22(a)(2). [Id. at 12; ECF No. 18 at 36]. Plaintiff also maintains that "the complete terms and conditions of the loan were not entirely realized and considered" by the Plaintiff at the time he signed the RISC on June 6, 2020, in violation of 12 C.F.R. § 1026.5. [ECF No. 18 at 36].

Plaintiff alleges that he shortly thereafter sent Defendants, all executives of Capital One, a "Notice of Conditional Acceptance" with "Proofs of Claim" ("NCA"), which he maintains the Defendants did not answer. [Id.]. While the NCA speaks to a number of claims Plaintiff did not allege in his Complaint, it provides additional color on the alleged violations of the TILA and Regulation Z. For instance, the NCA explains that on or about March 8, 2023, Plaintiff's account

---

[2] In ruling on a motion to dismiss, a court may not ordinarily consider any documents that are outside of the complaint or not expressly incorporated therein, unless the complaint relies on: documents whose authenticity is not disputed by the parties; official public records; documents central to plaintiff's claim; or documents sufficiently referred to in the complaint. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001). Plaintiff filed the Complaint using a Complaint for a Civil Case form for pro se litigants, attaching an additional page to elaborate on the Statement of Claim. [ECF No. 1 at 12; ECF No. 18 at 36]. The Complaint also references the promissory note (the Retail Installment Sale Contract) underlying the dispute, [ECF No. 18 at 84-87], and a "Notice of Conditional Acceptance" allegedly sent to Defendants on March 24, 2023, [Id. at 46-64]. Because these documents are central to Plaintiff's claims and the Defendants do not challenge their authenticity, they will be merged into the Complaint and the Court will consider them under the instant motion to dismiss. See Alternative Energy, 267 F.3d at 33-34.

reflected a total principal balance of $16,997.76. [ECF No. 18 at 58]. After he posted a payment of $558.45, his account updated the total principal balance to $16,942.51, or $55.25 less than what the account originally reflected before payment. [Id.]. According to Plaintiff, this discrepancy placed the APR to 90.11% for this payment period alone, putting the validity of the RISC into question. [Id.; ECF No. 1 at 12]. He adds that "there may not have been a true, qualified 'meeting of the minds' and that there may be fraud or misrepresentation on the contract, and/or the contract itself may be an unconscionable contract, or other controversies may exist within this contract/transaction." [ECF No. 18 at 58].

Based on the foregoing allegations, Plaintiff seeks damages totaling $21,343.01. [ECF No. 1 at 12]. This amount consists of $14,255.51 for the amount he already paid under the RISC in order to effectively rescind it, as well as $7,087.50 in fees for the amount of time Plaintiff alleges he has spent to develop and present this case. [Id.].

On August 21, 2023, Plaintiff filed with the Fitchburg District Court two affidavits of service as to Defendants Bachani and Mendoza. [ECF No. 18 at 32-33; ECF No. 18-1 at 4]. Both affidavits provide that on August 17, 2023, the process server attempted to serve a copy of the Summons, Complaint, Civil Cover Sheet, and Statement of Damages at a Capital One location in Plano, Texas. [ECF No. 18 at 32-33]. A security guard at the location informed the process server that "due to security reasons, all subpoenas will need to be emailed to them at Subpoena@capitalone.com." [Id.]. As such, "[t]he subpoenas were then successfully emailed," prompting a reply that stated, among other things, "Thank you for contacting the Capital One Subpoena email box. This mailbox enables us to provide you with the timeliest and most accurate response to inquires regarding subpoenas or other legal requests for testimony, documents, or information regarding Capital One Customers." [Id.]. The Fitchburg District Court

docket does not reflect that Plaintiff filed affidavits of service as to the remaining Defendants. [ECF No. 18-1 at 4-5].

Defendants removed this action on September 18, 2023 pursuant to 28 U.S.C. §§ 1331 and 1441. [ECF No. 1 at 1-4]. The Motion to Dismiss before the Court was filed on October 13, 2023. [ECF No. 10].

## II. Legal Standard

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citation omitted). In order to survive a Rule 12(b)(6) motion, the complaint must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). In this context, plausible "means something more than merely possible," Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009)), and the pleadings must set forth allegations respecting each material element necessary to sustain recovery under an actionable legal theory. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Pro se pleadings are held to "less demanding standards than those drafted by lawyers" and are read liberally on a motion to dismiss. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). Even pro se plaintiffs must, however, follow procedural rules and dismissal is appropriate when the court lacks jurisdiction or when the complaint fails to suggest an actionable claim. Overton v.

Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (citing Lefebvre v. Comm'r Internal Rev., 830 F.2d 417, 419 (1st Cir. 1987)).

### III.     Analysis

The Complaint asserts that Defendants violated Regulation Z because Plaintiff's March 2023 balance allegedly reflected an overstated APR charge. Defendants move to dismiss contending that they cannot be held liable under the TILA because they are neither "creditors" nor parties to the RISC governing the transaction and, in any event, this claim is time-barred. Defendants also move to dismiss for insufficient service of process. For the reasons that follow, the Court finds that dismissal is appropriate because Defendants are not "creditors" as defined by the TILA and Regulation Z. The Court need not consider alternative grounds for dismissal.

The declared purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (quoting 15 U.S.C. § 1601(a)). As such, the "TILA requires creditors to disclose, clearly and accurately, all the material terms of consumer credit transactions." McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007). Failure to comply with the TILA's disclosure requirements subjects creditors to civil liability. 15 U.S.C. § 1640(a) ("[A]ny creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title … with respect to any person is liable to such person ...."). Under the TILA, the term "creditor" is defined as:

> [A] person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required,

> and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g). The parallel provision in Regulation Z provides:

> A person [1] who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a downpayment), and [2] to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.

12 C.F.R. § 226.2(a)(17)(i). As such, this Court previously held that in order to be a "creditor" under the TILA a party must: (1) "regularly extend consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required," and (2) "be the person to whom the debt arising from the consumer transaction is initially payable." Ording v. BAC Home Loans Servicing, LP, No. 10-10670-MBB, 2011 WL 99016, at *3 (D. Mass. Jan. 10, 2011) (citation omitted).

Here, the Complaint names Fairbank, Guthrie, Bachani, Mendoza, and Cooper, all executives of Capital One, as Defendants in the instant action. [ECF No. 1 at 6]. Defendants correctly contend that Plaintiff has sued the wrong parties because Defendants are neither the creditors under the RISC, the financing entity for which the debt is payable, nor parties to the RISC. The Complaint fails to properly allege that Defendants satisfy the two-pronged test—that is, Plaintiff has failed to allege facts sufficient to show that Defendants are the parties that extended consumer credit and were the individuals to whom the debt was to be payable. Ording, 2011 WL 99016, at *3. Indeed, the RISC designates Bernardi Automall Trust as the payee of the obligation created by the transaction.[3] [ECF No. 18 at 84]. And, the Defendants' names appear

---

[3] The RISC provides that Plaintiff agreed "to pay the Seller-Creditor," Bernardi Automall Trust, "the Amount Financed and Finance Charge in U.S. funds according to the payment schedule" set forth. [ECF No. 18 at 84].

nowhere on the face of the RISC.[4] [Id. at 84-87]. The clear language of the TILA and Regulation Z require that only the person to whom the debt is owed is a creditor. 15 U.S.C. § 1602(g); 12 C.F.R. § 226.2(a)(17)(i); see Ording, 2011 WL 99016, at *3. While Defendants are under the employ of Capital One, they do not fall under the plain language of the definition of "creditor" under the TILA and Regulation Z. See 15 U.S.C. § 1602(g); 12 C.F.R. § 226.2(a)(17)(i). Even if the Court liberally construes the Complaint, Plaintiff has not alleged facts that support the legal conclusion that Defendants are a "creditor" under the TILA.

Accordingly, Defendant's motion to dismiss will be granted. Because dismissal of the Complaint is proper, the Court need not address alternative grounds for dismissal. See DaCruz-Crossely v. U.S. Bank. Nat'l Ass'n, 926 F. Supp. 2d 405, 407 (D. Mass. 2013) ("Because this court finds that Plaintiff's claims are barred … this court need not address Defendant's alternative grounds for dismissal.").[5]

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss [ECF No. 10] with prejudice.

**SO ORDERED.**

---

[4] While the RSIC indicates that the seller-creditor is Bernardi Automall Trust, Parties agree that Plaintiff obtained financing through Capital One. [ECF No. 10-1 at 3; ECF No. ECF No. 18 at 36]. However, this discrepancy does not have any impact on the Court's analysis.

[5] Although the Court declines to address these arguments in any depth, it appears that Plaintiff's claim for rescission is time-barred and that service was improper under Fed. R. Civ. P. 4(e). More specifically, the TILA provides the right to bring a claim for rescission within three years from the date of the transaction's closing. 15 U.S.C. § 1635(f); see Mantz v. Wells Fargo Bank, N.A., No. 09-12010-JLT, 2011 WL 196915, at *3 (D. Mass. Jan. 19, 2011). Because Plaintiff filed the Complaint on August 15, 2023, over three years since the consummation of the RISC in June 2020, [ECF No. 18 at 84-87], Plaintiff's rescission claim is time-barred. Moreover, Plaintiff improperly served the summons and complaint by email. [Id. at 32-33]. Contrary to Plaintiff's argument, Fed. R. Civ. P. 4(e), which governs service of the *summons and complaint* upon individuals, does not authorize electronic service of process, unlike Fed. R. Civ. P. 5(b)(2)(E) and (b)(2)(F), which permit electronic service of *pleadings*. And, neither Massachusetts nor Texas law authorize electronic service of process. See Mass. R. Civ. P. 4(d)(1); Tex. R. Civ. P. 106(a).

Dated: September 13, 2024

           _/s/ Margaret R. Guzman_
           Margaret R. Guzman
           United States District Judge